PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

## IN THE UNITED STATES DISTRICT COURT

FOR THE __EASTERN__ DISTRICT OF TEXAS

__LUFKIN__ DIVISION

U.S. FILED
EASTERN DISTRICT COURT
AUG -5 2019
BY
DEPUTY

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| LONZO C. HENRY | EASTHAM UNIT |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| | |
| vs. | #2137335 |
| | PRISONER ID NUMBER |
| | |
| | 9:19cv132 RC/ZH |
| LORIE DAVIS, DIRECTOR TDCJ-ID | |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or | (Supplied by the District Court Clerk) |
| authorized person having custody of Petitioner) | |

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check <u>all</u> that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☒ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: __293rd DISTRICT JUDICIAL COURT OF TARRANT COUNTY, FORTH WORTH TEXAS__

2. Date of judgment of conviction: __MAY 25__, 2017

3. Length of sentence: __Six "6" years__

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: __UNKNOWN__

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☒ No

16. Are you eligible for release on mandatory supervision?   ☒ Yes   ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    CHOICE MOORE , BONHAM TEXAS

    Disciplinary case number: #20190049785

    What was the nature of the disciplinary charge against you? POSSESSION OF TOBACCO PRODUCT

18. Date you were found guilty of the disciplinary violation: OCTOBER 24th, 2018

    Did you lose previously earned good-time days?   ☒ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    THIRTY "30" DAYS, TIME EARNING CLASS DROPED BY TWO LEVELS.

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    90 DAYS RECREATION RESTRICTION, 120 CONTACT VISIT, 90 DAYS CELL RESTRICTION,

    90 DAYS COMMISSARY, 90 DAYS TELEPHONE, 45 PROPERTY RESTRICTION.

    Time earning class dropped by 2 levels

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☒ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:
    DENIED BY STATING CHARGE WAS APPROPRIATE GUILTY SUPPORTED BY A
    PREPONDERANCE OF EVIDENCE. ALL DUE PROCESS REQUIREMENTS WAS
    Step 1 Result: SATSIFIED, PUNISHMENT WITHIN GUIDELINES NO FURTHER ACTION NEEDED.

Date of Result: NOVEMBER 1, 2018

Step 2 Result: AFTER REVIEW EVIDENCE WAS SUFFICIENT TO SUSTAIN THE 16.1 CHARGE AND FINDING OF GUILT. RECORDS INDICATE HEARING CONDUCTED BY POLICY NO DUE PROCESS OR PROCEDURAL ERRORS NOTED, PUNISHMENT WITHIN GUIDELINES NO FURTHER ACTION WARRANTED

Date of Result: DECEMBER 14, 2018

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** PETITIONER'S DUE PROCESS RIGHTS WERE VIOLATED WHEN HE WAS FOUND GUILTY WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE FINDING OF GUILTY OF POSSESSION OF TOBACCO.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   THE DISCIPLINARY HEARING OFFICER FAILED TO PRESENT EVIDENCE OTHER THAN THE CHARGING OFFICERS REPORT AND TESTIMONY ALONE. NO PICTURES OR PHOTOCOPIES OF ALLEGED TOBACCO PRODUCTS WERE PRODUCED INTO THE RECORD AS EVIDENCE OF GUILT WHICH VIOLATES THE TDCJ-ID OWN POLICY FOR PRESENTATION OF EVIDENCE AT A DISCIPLINARY HEARING FOR CONTRABAND.

B. **GROUND TWO:** PETITIONER'S FOURTEENTH AMENDMENT RIGHT TO PROCEDURAL DUE PROCESS WAS VIOLATED WHEN HE WAS DENIED A MEANINGFUL EXPLANATION TO THE FINDING OF GUILT FOR POSSESSION OF TOBACCO PRODUCTS.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   THE DISCIPLINARY HEARING OFFICER TOOK THE CHARGING OFFICER'S WORD AND FAILED TO FURTHER INVESTIGATE IN FACT FINDING PROCESS AND BASCIALLY RELIED ON THE REPORT GIVEN BY WRITTEN STATEMENT OF OFFICER WITHOUT A REASONABLE EXPLANATION OF THE FINDINGS OF GUILT NO DETAILS PRESENTED TO SUPPORT CONCLUSION BY DHO.

C. **GROUND THREE:** PETITIONER HENRY'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS WAS VIOLATED WHEN HE WAS DEPRIVED OF HIS LIBERTY BY TDCJ DISCIPLIANRY PROCEDURES WITHDRAWING HIS THIRTY "30" DAYS GOOD TIME CREDITS AS PUNISHMENT

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER HAS A LIBERTY INTEREST WHICH WAS VIOLATED BY TDCJ IN DEPRIVING HIM OF THIRTY DAYS OF GOOD TIME CREDITS FOR POSSESSION OF TOBACCO PRODUCT[contraband] WITHOUT PROVIDING DUE PROCESS BY CIRCUMVENTING THEIR OWN POLICES CONCERNING THE PRESENTATION OF EVIDENCE AT DISCIPLINARY HEARINGS

D. **GROUND FOUR:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21. Relief sought in this petition: _____

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☒ Yes ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

  GROUNDS 1, 2, 3 ALL BECAUSE TEXAS DOES NOT HEAR DISCIPLINARY CASE ISSUES

AND THIS IS MY FIRST OPPORTUNITY TO PRESENT THEM _____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: ___SUBSTITUTE COUNSEL_____

    (b) At arraignment and plea: _____

    (c) At trial: _____

    (d) At sentencing: _____

    (e) On appeal: _____

    (f) In any post-conviction proceeding: _____

    (g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on __7-25-2019__ (month, day, year).

Executed (signed) on __July 25, 2019__ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: __2665 Prison Rd #1 Eastham Unit Lovelady TX 75851__

-10-

Exhibit #1

# TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20190049785 TDCJNO: 02137335 NAME: HENRY, LONZO CORNELIUS    SR: 10.0
UNIT: CM HSNG: 2S    04 D    JOB: TRANSIENT OTHER    IQ: 078
CLSS: S3 CUST: G2 PRIMARY LANGUAGE: ENGLISH    LMHA RESTRICTIONS: NONE
SRDE: NA / BT    OFF.DATE: 10/22/18 12:00 PM    LOCATION: CM MISCELLANEOUS
TYPE: TF

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT CM STG OFFICE OFFENDER: HENRY, LONZO CORNELIUS, TDCJ-ID NO. 02137335, DID POSSESS A TOBACCO PRODUCT, NAMELY, GRIZZLY SMOKELESS TOBACCO.

CHARGING OFFICER: LANGFORD, J CO V    T/CARD: I H

### OFFENDER NOTIFICATION    IF APPLICABLE INTERPRETER,

DATE NOTIFIED: _____ BY: (PRINT) _____
WILL APPEAR BEFORE HEARING OFFICER _____ HOURS AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES NO IF NO, HOW DO YOU
PLEAD? GUILTY NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: _____    DATE: _____

BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____    DATE: _____

### HEARING INFORMATION

HEARING DATE: _____ TIME: _____ UNIT ____ FOLDER ____ FILE ____ DSFILE ____
COUNSEL SUBSTITUTE AT HEARING: _____ FOLDER ____ FILE ____ DSFILE ____
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN 72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED: (SIGNATURE) _____

OFFENDER STATEMENT: _____

OFFENSE CODES: 16.1
OFFENDER PLEA: (G, NG, NONE) | _____ | _____ | _____ |
FINDING: (G, NG, DT) | _____ | _____ | _____ |
REDUCED TO MINOR (PRIOR TO DOCKET) ____ (DOCKET) ____ (HEARING) ____ BY: _____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF GUILT: A) ADMISSION OF GUILT, B) OFFICER'S REPORT, C) WITNESS TESTIMONY, D) OTHER. EXPLAIN IN DETAIL: _____

### PUNISHMENT

LOSS OF PRIV(DAYS) ____    REPRIMAND ...........    SOLITARY(DAYS) .........
*RECREATION(DAYS) ____    EXTRA DUTY(HOURS) .....    REMAIN LINE 3 .........
*COMMISSARY(DAYS) ____    CONT.VISIT SUSP.THRU __/__/__    REDUC.CLASS FROM __ TO __
*PROPERTY(DAYS) ____    CELL RESTR(DAYS) .........    GOOD TIME LOST(DAYS) ____
* QTS(DAYS) ____    SPECIAL CELL RESTR(DAYS) ____    DAMAGES/FORFEIT. $ _____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS): ____ NO / NA
DATE PLACED IN PRE-HEARING DETENTION: ____ HEARING LENGTH ____ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: _____

HEARING OFFICER: CAPT(T)    WARDEN    REVIEWER SIGNATURE
**CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA.

Texas Department of Criminal Justice

Exhibit #2

# STEP 1 OFFENDER GRIEVANCE FORM

**USE PEN ONLY**
Grievance #: 2019027145
Date Received: OCT 29 2018
Date Due: 11/28/2018
Grievance Code: 410
Investigator ID #: I0678
Extension Date: N/A
Date Retd to Offender: NOV 02 2018

Offender Name: Henry, Lonzo C   TDCJ # 02137335
Unit: Choice Moore   Housing Assignment: AS-04
Unit where incident occurred: Choice Moore

MA-20190049785 - Lev 2 Code 16.1 - 10/24/18

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? N/A   When? N/A
What was their response? N/A
What action was taken? N/A

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Disciplinary Case Number: 20190049785 Hearing Date: 10-24-18 I am filing for an APPEAL on the grounds that my PROCEDURAL RIGHTS were VIOLATED on more than one occasion. Also there was INSUFFICIENT EVIDENCE to SUBSTANTIATE a finding of guilt by the Disciplinary hearing officer Captain Miller. I was charged with offense code 16.1 (Possession of tobacco products.) The offense description reads did possess Contraband namely grizzly smokeless tobacco. TDCJ Offender Orientation Handbook reads on page 21. K. Contraband- (1. Possession includes having an item on the body of offender, among his belongings or in his cell or in his immediate living area no matter who owns the item.) I never at any time was in violation of code 16.1. TDCJ Offender Orientation Handbook reads on page 21. K Contraband (2. Contraband is F.(5) tobacco or tobacco related items.) TDCJ Disciplinary Rules and Procedures GR-106 reads on page 13. Major Disciplinary Hearing: Procedures for actual hearing VI. B) Presentation of evidence - if one or more of the charges involves Possession of Contraband/the item(s) shall be produced at the hearing. Any Contraband items excluded from the hearing shall be photographed or photocopied. I never at any time possessed contraband as named above tobacco at any time on my body, Property, cell or living area. No evidence of contraband in any form was produced at hearing, Neither were Photos or Photocopies Presented. Charging officer Officer Langford JCO V listed the offense date and time on more occasions as 10-22-18 at 12 p.m. at that time I was in A-D-Seg cell #4 and had been for almost 48 hrs. I went on to ask the Counsel Substitute

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

to question Officer Langford about it, he went on to say the offense alledgely happend on 10-7-18 and that his assumptions and charges of possesion were due to a phone conversation that took place on 10-7-18. If that statement be true to facts contradicts the disciplinary report. TDCJ Disciplinary Rules and Procedures Handbook on Page 11. Reads C. Time Limits 1. Major Disciplinary hearings shall be held no later than seven days after alledged violation. The offense alledgedly took place 10-7-18, my disciplinary hearing took place on 10-24-18 which is 17 days. Lack of evidence infect none to substantiate violation of code 16.1, and violation of Procedural rights are my grounds for Appeal.

**Action Requested to resolve your Complaint.** Major Diciplinary Case be successfully appealed overturned and taking off of my record. That my penalties be removed from record.

**Offender Signature:** *Lonzo C. Henry* **Date:** 10-25-18    OCT 29 2018

**Grievance Response:**

Major Disciplinary Case #20190049785 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted at this time.

**Signature Authority:** *Cynthia Lofton Warden* **Date:** 11/01/2018

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigater within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

Exhibit #3



# Texas Department of Criminal Justice
## STEP 2 OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2019027145 |
| UGI Recd Date: | NOV 12 2018 |
| HQ Recd Date: | NOV 15 2018 |
| Date Due: | 12/12/2018 |
| Grievance Code: | 410 |
| Investigator ID#: | 12448 |
| Extension Date: | 1-11-18 |

Offender Name: Lonzo C. Henry   TDCJ # 02137335
Unit: Buster Cole   Housing Assignment: L-3-6
Unit where incident occurred: Choice Moore

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

I'm Respectfully filing my Step 2 Appeal on the grounds that I am Innocent of the charges against me (Possession of tobacco 16.1). There is insufficient evidence to substantiate a proper finding of guilt and lastly my Procedural Rights were violated on several occasions. On 10-20-18 Ms. Jawanna Waits came to visit me, but after being searched was found out to have tobacco Contraband on her persons. I never went to visit at all that day, therefore no contraband tobacco was ever given to me or in my possession. On 10-20-18 at Approximately 1:15pm SGT. Kuhn came and escorted me from my living space (B-2-11) to the deep space area where I was searched and handcuffed. No Tobacco in my Possession. Next I was escorted to the infirmary and finally administrative separation seg cell #4 where I was then strip searched. Once Again No tobacco in my Possession. All of my Property & commissary, was confiscated from my living area B-2-11 every thing I owned and including my living space was extensively searched and again No tobacco was found in my Property, Persons, or Possession. TDCJ Offender Orientation Handbook page 21. Reads K. Contraband #1) Possession is having an item on the body of the offender, among his belongings, in his cell, or immediate living area no matter who owns the items. During my disciplinary hearing the only evidence brought forth against me used against me to charge me with possession of tobacco was a testimony from witness/charging officer Langford. TDCJ Rules and Procedures GR-106 Page 13 reads Procedures for Actual Hearing B. Presentation of Evidence - If one or more of the charges involved possession of contraband the Item(s) of contraband shall be produced at the hearing. Not one single Item of contraband tobacco was ever found in my Property, Persons, or Possession Nor was one single Item of tobacco contraband produced as evidence at the hearing. The

I-128 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix G

Charging officer wrongfully put the offense date as 10-22-18. I was in PHD at that time for 48 hrs already. I went on to ask counsel to question officer Langford about charge and date. He stated that the offense happened on 10-7-18. If that statement be true to facts, contradicts the disciplinary report. TDCJ GR-106 reads on page 11 C (Time Limits) 1.) Major Disciplinary hearings shall be held no later than 7 days after alledge violation. If you check the time and date of the phone call officer is referring to, you'll see the offense date on the report is wrong (10-22-18) the offense date was 10-7-18 - my hearing was 10-24-18 that's 17 days.

Offender Signature: _[signature]_    Date: 11-8-18

**Grievance Response:**

A review of disciplinary case #20190049785 has been completed. There was sufficient evidence presented to sustain the 16.1 charge and the finding of guilt. Records indicate that the hearing was conducted per policy and there were no due process or procedural errors noted. The punishment was within Agency guidelines for this offense. Records indicate you attended the hearing and presented your defense at that time. No further action warranted by this office.

Signature Authority: B. BARNETT _[signature]_    Date: 12-14-18

Returned because:    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission    CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

2nd Submission    CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

3rd Submission    CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)    Appendix G



# Texas Department of Criminal Justice
ADMINISTRATIVE REVIEW & RISK MANAGEMENT DIVISION

Bryan Collier
Executive Director

April 17, 2019

Offender Henry, Lonzo
TDCJ #2137335
Eastham Unit
2665 Prison Rd. 1
Lovelady, TX 75851

Offender Henry,

I have received your correspondence dated 02.24.19 regarding disciplinary case #20190049785. As I indicated yesterday in our conversation at the Eastham unit, I conducted a review of the documentation of this case and I listened to the audio recording of the hearing. The purpose of this review was to determine if any due process violations or procedural errors occurred with this particular case. This was not a grievance investigation, but an in-depth, objective view of the entire case. As a result of this review, it has been determined that case #20190049785 will not be overturned. You stated in your letter that the offense date was 10.22.18. That date is the date of discovery of the offense. You were never placed in a PHD status, therefore, the 72-hour rule did not apply. I did not detect any procedural errors or due process violations and this concludes all administrative action in this matter.

Mr. Terry Pickett
Program Supervisor III
Region 1 Disciplinary

```
              T. D. C. J.   -   I N S T I T U T I O N A L    D I V I S I O N
              DATE 07/10/19            RECORDS OFFICE              TIME 07:23:04
TDCJID: 02137335 NAME: HENRY,LONZO CORNELIUS                 UNIT EASTHAM
SENT. BEGIN DATE 04/12/2017 TDC RECEIVE DATE 06/27/2017
INMATE STATUS LINE CLASS III                      W     LAST PCR REQUEST 05/14/19

        SENT. OF RECORD         00006     YRS 00 MOS 00 DAYS    MAND SUPV PAROLE
        FLAT TIME SERVED                  00002 YRS 02 MOS 28 DAYS    037  %   037  %
        GOOD TIME EARNED                  00001 YRS 02 MOS 14 DAYS    020  %   020  %
        WORK TIME EARNED                  00000 YRS 09 MOS 03 DAYS    012  %   012  %
        MAND SUPV TIME CREDITS    00004 YRS 02 MOS 15 DAYS    069  %
        PAROLE TIME CREDITS       00004 YRS 02 MOS 15 DAYS                    069  %
        MINIMUM EXPIRATION DTE: 04/25/2021
        MAXIMUM EXPIRATION DTE: 04/12/2023

JAIL GOOD TIME RECD YES             NUMBER OF DETAINERS 00
GOOD TIME LOST 00030 DAYS           WORK TIME LOST 00000 DAYS
PAROLE STATUS    BPP DATE                              TDC CALC DATE 01/04/2018




REQUEST  _____
CONDUCT RECORD:
```

VI. Major Disciplinary Hearing: Procedures for Actual Hearing

    A. Presence of Offender at the Hearing

An offender charged with rule violations shall be present at the disciplinary hearing unless behavior immediately before or during the hearing justifies exclusion, or the offender waives attending the hearing. If an offender refuses to appear or waives attendance at the hearing, the hearing may be conducted in the offender's absence. Offenders may hear all the evidence presented at the hearing, unless hearing the evidence will jeopardize the life and safety of persons or the security and order of the institution. The DHO shall provide written reasons in the record for the accused offender's absence during any portion of the hearing. If security considerations require that the offender be removed from the hearing for the presentation of any evidence or questioning of any witness, the offender's counsel substitute shall remain and act in the offender's behalf. The offender's counsel substitute shall not transmit any evidence to the offender if hearing the evidence will jeopardize the life or safety of persons or the security and order of the institution. If an offender who has not been assigned a counsel substitute refuses to attend the hearing, voluntarily leaves the hearing while it is in progress, or engages in disruptive behavior that requires removal, the offender's actions shall be considered a constructive waiver of the right to a counsel substitute. If the offender is excluded because hearing evidence may jeopardize the life and safety of persons or the security and order of the institution and a counsel substitute had not previously been appointed, the hearing shall be continued so a counsel substitute can be appointed.

    B. Presentation of Evidence     [handwritten: Exhibit #6]

        1. The DHO shall read the Disciplinary Report into the record, and the offender shall be allowed to enter a plea to each of the charges. <u>If one or more of the charges involves possession of contraband</u>, such as fighting with a weapon, <u>the items(s) of contraband shall be produced at the hearing if the existence or nature of the item(s) cannot be satisfactorily established by other means.</u> Perishable items, or any item(s) that pose a threat to health and safety, may be disposed of prior to the hearing. If it is determined that the presence of particular contraband items at the hearing will create a threat to the physical safety of offenders or staff, the contraband may be excluded. <u>Any contraband items that are excluded from the hearing shall be photographed or photocopied, and this evidence shall be produced at the hearing,</u> if the production of the items at the hearing is required, unless the contraband was destroyed by the offender. If the contraband involves a controlled substance, such as marijuana, the DHO shall have a laboratory report, or the results of a field test kit available, establishing the nature of the substance.

        2. The accused offender may make a statement on their own behalf. The counsel substitute also may make a statement on the offender's behalf.

        3. The accused offender or the counsel substitute may present documentary evidence. Documentary evidence shall be accepted into evidence unless it is clearly irrelevant or repetitious.

Lonzo C. Henry
Eastham Unit
2665 Prison Rd #1
Lovelady TX, 75851

U.S. Dist. Clerk
U.S. District Court Eastern Division
WARd. R. Burke U.S. Courthouse
104 North 3rd Street
Lufkin, Texas 75901